FRANK C. RANDALL *et al.*

*v.*

MARTHA D. RANDALL.

*Filed at Ottawa November 26, 1890.*

1. WILL—TRUST—*whether a trust is created—implication.* No trust can be implied merely from words indicating the motive which induced a gift.

2. SAME—*prior disposition—whether a trust.* Where the prior disposition of property imports absolute, uncontrolled ownership, and also where a clear discretion and choice to act or not to act is given, equity will not construe a trust from the language employed.

3. SAME—*a will construed—whether title is absolute, or in trust.* A testatrix made a devise, as follows: "Secon̄d, to provide, to the extent of my ability, for the support and education of such of my children as shall be unmarried and minors, and such of the married or adult ones as may, by innocent misfortune, become really needy, I give and bequeath to my beloved husband, Sylvester W., the father of my children, all my property, whether real, personal or mixed, that he may use the same for the maintenance and education of my said children, and that he may, from time to time, advance to each of them, as he may deem best, to start them in life; third, I do hereby appoint my beloved husband my executor, with full power to control, manage, use, convey, sell and dispose of said property as his own absolute property, without being required to file or render any account or give any bail :" *Held,* that the husband took the absolute title, subject to no trust.

APPEAL from the Circuit Court of Will county; the Hon. CHARLES BLANCHARD, Judge, presiding.

Mr. CHARLES F. GOODSPEED, Mr. A. F. KNOX, and Mr. G. B. GARNSEY, for the appellants.

Mr. R. E. BARBER, for the appellee.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The question here is, whether the following clauses of the last will and testament of Mary E. Randall, deceased, vested the title of the property whereof she died seized ·or possessed, in her husband, Sylvester W. Randall, absolutely, or only in trust for the children of the testator, namely :

"*Second*—To provide, to the extent of my ability, for the support and education of such of my children as shall be unmarried and minors, and such of the married or adult ones as may, by innocent misfortune, become really needy, I give and bequeath to my beloved husband, Sylvester W., the father of my children, all my property, whether real, personal or mixed, that he may use the same for the maintenance and education of my said children, and that he may, from time to time, advance to each of them, as he may deem best, to start them in life.

"*Third*—I do hereby appoint my beloved husband my executor, with full power to control, manage, use, convey, sell and dispose of said property as his own absolute property, without being required to file or render any account or give any bail."

No trust can be implied merely from the words indicating the motives which induced the gift. (*Bryan* v. *Howland,* 98 Ill. 630; *Giles et al.* v. *Anslow et al.* 128 id. 196; Perry on Trusts, sec. 119.) And the rule is, wherever the prior disposition of the property imports absolute and uncontrolled ownership, and, also, wherever a clear discretion and choice to act or not to act is given, equity will not construe a trust from the language employed. 2 Story's Eq. sec. 1070; Hill on Trustees, (4th Am. ed.) 119, *74; *Mills* v. *Newberry et al.* 112 Ill. 135.

It will be observed that the gift here is absolute in form, and the last clause puts it beyond doubt that the right to use, sell and dispose of, is intended to be as absolute owner. No specific interest is defined as that which it was intended any child should take; but whether one or all is or are to take any, and if any, how much, is to be determined by the uncontrolled judgment and discretion of the husband. He may use the property and sell and dispose of it "as his own absolute property, without being required to file or render any account or give ony bail." He can have no more perfect dominion over property acquired from any source. If he can not be required "to file or render any account or give any bail," no one can be entitled to assert an antagonistic interest in the property. *Howard* v. *Carusi,* 109 U. S. 725.

The decree below is affirmed.

*Decree affirmed.*