## Amalia Maurer et al. v. Frank B. Bowman.

1. WILLS—*Powers of Testators.*—It is within the power of a testator to declare in his will that he is indebted to a person, and that whatever part of his estate shall be taken or claimed by such person as due him, shall be considered as due him without further proof and conclusive upon his heirs.

**Bill for an Account.**—Error to the Circuit Court of St. Clair County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed June 18, 1896.

KNISPEL & ROPIEQUET, BOTSFORD, DEATHERAGE & YOUNG, and LAVELOCK, KIRKPATRICK & DIVELBISS, attorneys for plaintiffs in error.

A person on accepting the trust and qualifying as executor, is required to file a full, true and perfect inventory of said estate as the same came " to his hands, possession or knowledge," describing the quantity, situation and title of the real estate, and particularly specifying the nature, amount, etc. Hurd's R. S. Ill., 1891, Chap. 3, Secs. 6, 51–2; 2 Woerner on Am. Adm'r Law, Secs. 315, 316; Potter v. McAlpine, 3 Dem. 108; Moore v. Holmes, 32 Conn. 553; Forbes v. McHugh, 152 Mass. 412; 25 N. E. Rep. 622.

A bequest or devise, to be valid, must be definite and certain both as to subject and object. Schouler on Wills (2d Ed.), Secs. 292, 596; 1 Jarman on Wills (5th Am. Ed.), 649, 653; Beach on Wills, Sec. 326, 529; Kent v. Durham, 142

Mass. 216; 56 Am. Rep. 667; Heiss v. Murphy, 40 Wis. 291; Beekman v. Bonser, 23 N. Y. 298; 80 Am. Dec. 269; Holland v. Alcock, 108 N. Y. 312; 2 Am. St. Rep. 420; Read v. Williams, 125 N. Y. 560; 21 Am. St. Rep. 748; Tilden v. Green, 130 N. Y. 29; 27 Am. St. Rep. 487; Heidenheimer v. Bowman, 84 Tex. 174; 31 Am. St. Rep. 29; Gambell v. Trippe, 75 Md. 252; In re Estate of Taylor, 81 Calif. 9.

Clause 4 of the will is void for uncertainty. ·

In order to constitute a valid trust, three concurring conditions must exist:

First, sufficient words to raise it; second, a definite subject; third, a certain or ascertained object. 2 Redfield on Wills (2d Ed.), page 408 *et seq.;* 2 Williams on Exrs. (6th Am. Ed.), bottom pp. 1153, 1282, 1287; Gill v. Gr. T. M. Co., 92 Ill. 249; Mills v. Newberry, 112 Ill. 123; 54 Am. Rep. 213.

Courts of equity watch with jealousy all transactions of persons in fiduciary capacities with their wards, and dealings between them prejudicial to the latter will be presumed constructively fraudulent. Bispham's Equity (4th Ed.), Secs. 237, 238; 2 Wood on Lim. (2d Ed.), 205; 1 Story's Eq. Jur. (12th Ed.), Secs. 217–8–9; 321–2; 2 Pomeroy's Eq. Jur. (2d Ed.), Secs. 958–61–3; 1 Beach on Mod. Eq. Jur., Secs. 114–119; Wickiser v. Cook, 85 Ill. 68; Carter v. Tice, 120 Ill. 277; Garvan v. Williams, 44 Mo. 465; McCants v. Bee, 1 McCord Ch. (S. C.), 383.

F. G. COCKRELL and TURNER & HOLDER, attorneys for defendant in error.

A devise or grant will only be declared void for uncertainty where, after resort to oral proof, it still remains a matter of mere conjecture, what was intended by the instrument. Colcord v. Alexander, 77 Ill. 581; Chicago Dock & Canal Co. v. Kinzie, 93 Ill. 415; Mason v. Merril, 129 Ill. 508; Kaufman et al. v. Breckinridge, 117 Ill. 306.

It created no trust, but gave the property absolutely to Bowman with discretion to do with it as he pleased. A devise of this kind creates no trust. Bryan v. Howland, 98

Ill. 625; Zimmer v. Sennott, 134 Ill. 508; Randall et al. v. Randall, 135 Ill. 398.

Mr. Justice Scofield delivered the opinion of the Court.

If, under the fourth clause of John Steinert's will, the executor, John B. Bowman, was authorized to take or claim all of the real estate of the testator as due him for means, advice and other aid, except the farm and block 189 mentioned in the will, and if the action of the said Bowman in so doing was to be conclusive on the heirs, then we are unable to see how the chancellor could have disposed of this case otherwise than by dismissing the bill for want of equity.

The fourth clause of the will is as follows:

"I give, bequeath and devise all the residue of my estate, personal, mixed and real property, and all my right, title, claim and interest therein, of whatever kind and nature, in possession and expectancy, either in the State of Illinois, Missouri and Minnesota, or elsewhere, to my said executor, to have the proceeds, rents, profits and issues thereof for the purpose of paying my debts, including his own claim against me hereinafter stated, and for the purpose of rearing and educating my children, and for the support of my wife should she need it; with power in said executor to compound for any claims, and with power at his own discretion, without requiring an order of court, to sell, lease, convey and otherwise dispose of such estate coming to his hands or to which I am entitled, and in case of sales, to invest and reinvest the net proceeds for the purpose aforesaid, and to make such sales for cash or on a credit, upon such terms, in such parcels, manner, places, and at such times, either public or private, as he may deem best; also with power to use the proceeds of a part for the improvement of the remainder; also with power to subdivide any lands, to lay out upon the same public or private highways and places, with such conditions and reservations as to him may seem meet, and generally to manage my estate as may to him seem most

proper and advantageous for the purpose. And whereas, under a most friendly, intimate and confidential relationship for a long time existing between myself and said executor, I am largely indebted to him for means, advice and other aid in making judicious investments in acquiring property, and in making them successful and profitable (for all of which, with his consent, no written obligations were ever executed by me to him); and whereas, I have never yet repaid to him any such advances, nor any interest thereon; and whereas he has never yet shared in the profits of such investments, etc., as it was always my intention that he should share them, and as he is entitled to do; therefore, I declare that whatever of my estate, said farm and block 189, town of East St. Louis, St. Clair Co., Illinois, my homestead, excepted, shall be taken or claimed by him as therefor due him, shall be considered as due him without further proof and shall be conclusive to my heirs."

The evidence shows that John Steinert died on May 2, 1870; that his will was duly probated soon afterward, and that letters testamentary were duly issued to John B. Bowman as the executor thereof; that no inventory or account was ever filed by the executor, who paid the debts of the estate, however, and furnished some means for the support of the testator's five minor children; that in 1884, the executor divided among the children, the farm and block mentioned in the will and a tract of land adjacent to the said block, as being the part of their father's estate to which they were entitled under the will; that the executor sold several other tracts of land, the title to which stood in the name of John Steinert; that in 1884, the oldest two of John Steinert's children, who were then of age, executed and delivered releases under seal to John B. Bowman, releasing him from all claims and demands which they might have against him as executor; that on November 20, 1885, John B. Bowman died, and that, by descent and purchase, the whole of his estate now belongs to the defendant in error; that in 1889, the three children of John Steinert who had not executed releases to the executor of their father's

will, executed such releases and delivered them to the defendant in error; that these children were then of age, except Edward, who was twenty years old; that certain tracts of real estate appearing of record in John Steinert's name were sold as the property of John B. Bowman by the defendant in error as administrator of his father's estate under and by virtue of proceedings for the sale of lands for the payment of the debts of the estate; and that the estate of John B. Bowman was fully settled more than two years before the bill in this case was filed.

Plaintiffs in error sought to compel defendant in error to account to them for the proceeds of the sales of lands above mentioned, and the chancellor dismissed their bill for want of equity.

It seems to us that there is no difficulty in understanding or construing the fourth clause of John Steinert's will. John Steinert was largely indebted to John B. Bowman for means, advice and other aid in making judicious investments in property. Therefore, the testator authorized Bowman to take or claim whatever of the testator's estate he considered due him, with the exception of the farm and block above mentioned, and directed that Bowman's act should be conclusive proof that whatever he might take or claim was really due him. If the whole estate, except the farm and block, should be thus absorbed by Bowman, the heirs could not be heard to complain, because they were to be bound by Bowman's decision in the premises.

It is contended that so much of the fourth clause as gives to the executor the right to take or claim whatever may be due him, is void for uncertainty. There is no more of uncertainty in this clause than in any other provision for the payment of a testator's debts. The difference between this and other cases is in the manner in which the amount of the indebtedness is to be ascertained. Generally, claims must be filed and proved by competent evidence. In this case, proof is dispensed with, and the claim of the executor is made conclusive of his rights. The legal title to the property is vested in him, and whatever he takes or claims

becomes absolutely his.  If a testator may give all of his property to a stranger, to whom he owes no obligation, there is no reason why he may not do the same to one to whom he is largely indebted, leaving it to the creditor to decide whether or not, as a matter of grace, any part of the property shall be divided among the heirs.

Nor is this construction of the fourth clause forbidden by the sixth clause, which directs that, when each child becomes of age, the executor shall convey or assign to him his share of the estate after the separation of the same from the claims of the executor as aforesaid.  Even if this provision of the will required that some part of the real estate, other than the farm and block 189, should be divided among the heirs, this requirement was satisfied when the tract of land adjacent to block 189 was divided and conveyed to them.  1 Jarman on Wills, 652, and notes (5th Am. Ed. from 4th London Edition).

A case in point is Randall v. Randall, 135 Ill. 398, wherein the second clause of the will, after reciting that the testatrix desired to provide for the support and education of her children, who were unmarried and minors, and for the support of such of the married or adult ones as might become really needy through innocent misfortune, devised to her husband all of her property that he might use the same for the maintenance and education of her children, and advance to each of them from time to time whatever he might deem best to start them in life.  By the third clause of the will, the husband was appointed executor, and given full power to control, manage, use, convey, sell or dispose of the property as his own absolute property, without being required to file or render any account or give any bond.

Mr. Justice Scholfield, in delivering the opinion of the court, says:

" No specific interest is defined as that which it was intended any child should take; but whether one or all is or are to take any, and if any, how much, is to be determined by the uncontrolled judgment and discretion of the hus-

band. He may use the property, and sell and dispose of it as his own absolute property, without being required to file or render any account or give any bail. He can have no more perfect dominion over property acquired from any source. If he can not be required to file or render any account or give any bail, no one can be entitled to assert an antagonistic interest in the property. Howard v. Carusi, 109 U. S. 725."

So in the case before us, the will provided that the executor should not be required to give bond, and that whatever the executor might take or claim as due him, should be considered as due him without further proof. Under such provisions, "no one can be heard to assert an antagonistic interest in the property."

The decree of the Circuit Court is affirmed.