AMALIA MAURER et al.

v.

FRANK B. BOWMAN.

Opinion filed November 8, 1897—Rehearing denied December 20, 1897.

1. WILLS—*power of testator to dispose of his property.* A testator may give all of his property to one to whom he is indebted, leaving it to the creditor to determine whether he will take all of the property or divide a portion of it among the heirs.

2. SAME—*provision of will leaving testator's property to executor, construed.* A provision in a will authorizing an executor, in consideration of the testator's indebtedness to him for "means, advice and other aid in making judicious investments in property," to take whatever of the estate he considered due him, excepting a designated portion, and which provides that whatever is claimed by the executor "shall be considered as due him without further proof, and shall be conclusive," etc., is valid and is binding upon the heirs.

*Maurer* v. *Bowman,* 65 Ill. App. 261, affirmed.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding.

This was a bill in chancery in the circuit court of St. Clair county by the plaintiffs in error, who are the legal heirs of John Steinert, deceased, against the defendant in error. The purpose of the bill is to obtain a construction of the will of John Steinert and an accounting and settlement of the affairs of his estate.

The will in question, so far as its provisions are here involved, is as follows:

"*Third*—I appoint my brother-in-law, John B. Bowman, of East St. Louis, Illinois, executor of this my last will and testament; and having full confidence in his integrity, his faithfulness and attachment to my wife (his sister) and to my children, I desire that he be not required to give the otherwise usual bond, as such executor, but that he be granted letters as such without giving bond.

"*Fourth*—I give, bequeath and devise all the residue of my estate, personal, mixed and real property, and all my right, title, claim and interest therein, of whatever kind and nature, in possession and expectancy, either in the States of Illinois, Missouri and Minnesota or elsewhere, to my said executor, to have the proceeds, rents, profits and issues thereof for the purpose of paying my debts, including his own claims against me hereinafter stated, and for the purpose of rearing and educating my children and for the support of my wife, should she need it; with power in said executor to compound for any claims, and with power, at his own discretion, without requiring an order of court, to sell, lease, convey and otherwise dispose of such estate coming to his hands or to which I am entitled, and in case of sales, to invest and re-invest the net proceeds for the purpose aforesaid, and to make such sales for cash or on a credit, upon such terms, in such parcels, manner, places and at such times, either public or private, as he may deem best; also with power to use the proceeds of a part for the improvement of the remainder; also with power to subdivide any lands, to lay out upon the same public or private highways and places, with such conditions and reservations as to him may seem meet, and generally to manage my estate as may to him seem most proper and advantageous for the purpose. And whereas, under a most friendly, intimate and confidential relationship for a long time existing between myself and said executor, I am largely indebted to him for means, advice and other aid in making judicious investments in acquiring property, and in making them successful and profitable, (for all of which, with his consent, no written obligations were ever executed by me to him,) and whereas, I have never yet repaid to him any such advances nor any interest thereon, and whereas, he has never yet shared in the profits of such investments, etc., as it was always my intention that he should share them and as he is entitled to do; therefore, I declare that whatever

of my estate, said farm and block 189, town of East St. Louis, St. Clair county, Illinois, my homestead excepted, shall be taken or claimed by him as therefor due him, shall be considered as due him without further proof and shall be conclusive to my heirs.

"*Fifth*—I desire that my executor act as guardian for my children.

"*Sixth*—I will that as soon as each of my children arrive at maturity, at his or her request my executor assign and convey to him or her, as may be, his or her share of my estate, after the separation of the same from the claims of my executor therein, as aforesaid.

"*Seventh*—I give, devise and bequeath to my children in equal shares, and to my wife a child's share, in all my estate not otherwise herein bequeathed and devised, so that when the oldest of my children shall have arrived at maturity and demand from my said executor his or her share of the estate, the estate shall be divided into shares equal to the children in number then living, plus one for my said wife. Nothing in this will shall authorize the division of said farm in said section No. 36, or its alienation prior to the death of my wife, or its alienation without her express consent in writing, but in case of her demise prior to the arrival at maturity of any one of my children, then the same shall become a part of my general estate, and subject to disposal as the same, on the part of my said executor."

The circuit court dismissed the bill and its decree was affirmed by the Appellate Court. This is a writ of error prosecuted to review these holdings.

John Steinert died in May, 1870, and his widow survived him but one year. It appeared in evidence the executor, John B. Bowman, paid all claims allowed against the estate of Steinert, and there is much proof to show, and none to controvert, that he defrayed the cost of educating, supporting and maintaining the children of said Steinert. The executor, on the 24th day of July, 1884, in

pursuance of the sixth clause of the will, assigned to each of the children of said John Steinert, deceased, shares in block 189, in East St. Louis, and in a strip of land between the north-east line of said block and United States survey 777, Cahokia commons, and between the straight extensions of the north-west and south-west lines of the block, and also in the east half of the north-west quarter of section 36, township 2, north, range 9, west, as being the share of each of said children in the estate of their father "after the separation of the same from the claims of said Bowman," to use and adopt the language of the will. The remainder of the estate the executor retained as his property, under the fourth clause of the will.

The abstracts, briefs and points made in this court are the same as in the Appellate Court.

KNISPEL & ROPIEQUET, BOTSFORD, DEATHERAGE & YOUNG, and LAVELOCK, KIRKPATRICK & DIVELBISS, for plaintiffs in error:

An executor or administrator who qualifies as such and takes charge of the estate, but files no inventory and exhibits no settlement, may be cited for such failure by the court having probate jurisdiction; or a court of equity will entertain a bill against such executor or administrator for an accounting filed by a creditor, distributee or devisee of said estate. Hurd's Stat. 1891, chap. 3, secs. 6, 51, 52, 113; *Heward* v. *Slagle,* 52 Ill. 336; *McCreedy* v. *Mier,* 64 id. 495; 2 Woerner on Administration, sec. 503; *Duncan* v. *Davidson,* 40 N. J. Eq. 535; 1 Story's Eq. Jur. (12th ed.) secs. 531, 532; 3 Pomeroy's Eq. Jur. (2d ed.) secs. 1080, 1154, 1421; 2 Beach on Mod. Eq. Jur. secs. 845-848; *Suydam* v. *Bastedo,* 40 N. J. Eq. 433; *Grattan* v. *Grattan,* 18 Ill. 167.

A suit in equity which tests the validity of a particular bequest or devise is not a suit to contest the will. *Cox* v. *Cox,* 101 Mo. 168; 1 Woerner on Administration, sec. 228; *Lilly* v. *Tobbein,* 103 Mo. 477; *Waters* v. *Cullen,* 5 Bradf. 354.

A bequest or devise, to be valid, must be definite and certain, both as to subject and object. Schouler on Wills, (2d ed.) secs. 592-596; 1 Jarman on Wills, (5th Am. ed.) 649-653; Beach on Wills, sec. 326, p. 529; *Kent* v. *Durham*, 142 Mass. 216; *Heiss* v. *Murphy*, 40 Wis. 291; *Beekman* v. *Bonser*, 23 N. Y. 298; *Holland* v. *Alcock*, 108 id. 312; *Read* v. *Williams*, 125 id. 560; *Tilden* v. *Green*, 130 id. 29; *Heidenheimer* v. *Bowman*, 84 Tex. 174; *In re Estate of Taylor*, 81 Cal. 9; *Gambell* v. *Trippe*, 75 Md. 252.

Courts of equity watch with jealousy all transactions of persons in fiduciary capacities with their wards, and dealings between them prejudicial to the latter will be presumed constructively fraudulent. 2 Wood on Limitations, (2d ed.) 205; Bispham's Eq. (4th ed.) secs. 237, 238; 1 Story's Eq. Jur. (12th ed.) secs. 217-219, 321, 322; 2 Pomeroy's Eq. Jur. (2d ed.) secs. 958-963; 1 Beach on Mod. Eq. Jur. secs. 114-119; *Wickiser* v. *Cook*, 85 Ill. 68; *Carter* v. *Tice*, 120 id. 277; *Garvan* v. *Williams*, 44 Mo. 465; *McCant* v. *Bee*, 1 McCord's Ch. 383.

If one holding a trust estate dies without an accounting, the property or the proceeds thereof may be followed into the hands of his administrator. 1 Beach on Mod. Eq. Jur. sec. 281; 3 Pomeroy's Eq. Jur. (2d ed.) sec. 1154, p. 1757; 2 Perry on Trusts, (3d ed.) secs. 635-637; *Bank* v. *Goetz*, 138 Ill. 127; *Bank* v. *Hummell*, 14 Col. 259; *Holmes* v. *Gilman*, 138 N. Y. 379; *Bank* v. *Mill Co.* 1 S. Dak. 388; *Myers* v. *Board of Education*, 51 Kan. 87; *Springfield Inst.* v. *Copeland*, 160 Mass. 380; *Shields* v. *Thomas*, 71 Miss. 260.

Express trusts, or technical or continuing trusts not cognizable at law, but which come within the peculiar and exclusive jurisdiction of a court of equity, are not subject to the Statute of Limitations. 2 Wood on Limitations, (2d ed.) secs. 200, 205, 206; 1 Beach on Mod. Eq. Jur. sec. 155; 13 Am. & Eng. Ency. of Law, 683-687, note; *Quayle* v. *Guild*, 91 Ill. 378; *Albretch* v. *Wolf*, 58 id. 186; *Horn* v. *Ingraham*, 125 id. 204; *Gillett* v. *Wiley*, 126 id. 310; *Reynolds* v. *Sumner*, 126 id. 58; *Railroad Co.* v. *Hay*, 119 id. 499;

*Presley* v. *Davis*, 7 Rich. Eq. 105; *Miles* v. *Thorn*, 38 Cal. 335; *In re Sanderson*, 74 id. 199; *Fox* v. *Tay*, 89 id. 339; *Lataillade* v. *Orena*, 91 id. 565; *Moore* v. *Shepherd*, 2 Duv. 123; *Griffin* v. *McCawley*, 7 Gratt. 476; *Landis* v. *Saxton*, 105 Mo. 486; *Fawcett* v. *Fawcett*, 85 Wis. 332.

F. G. COCKRELL, for defendant in error.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The opinion of the Appellate Court, rendered by Mr. Justice SCOFIELD, is as follows:

"If, under the fourth clause of John Steinert's will, the executor, John B. Bowman, was authorized to take or claim all of the real estate of the testator as due him for means, advice and other aid, except the farm and block 189 mentioned in the will, and if the action of the said Bowman in so doing was to be conclusive on the heirs, then we are unable to see how the chancellor could have disposed of this case otherwise than by dismissing the bill for want of equity. The fourth clause of the will is as follows:

" 'I give, bequeath and devise all the residue of my estate, personal, mixed and real property, and all my right, title, claim and interest therein, of whatever kind and nature, in possession and expectancy, either in the State of Illinois, Missouri and Minnesota or elsewhere, to my said executor, to have the proceeds, rents, profits and issues thereof for the purpose of paying my debts, including his own claims against me hereinafter stated, and for the purpose of rearing and educating my children, and for the support of my wife should she need it; with power in said executor to compound for any claims, and with power, at his own discretion, without requiring an order of court, to sell, lease, convey and otherwise dispose of such estate coming to his hands or to which I am entitled, and in case of sales, to invest and re-invest the net proceeds for the purpose aforesaid, and to make such

sales for cash or on credit, upon such terms, in such parcels, manner, places and at such times, either public or private, as he may deem best; also with power to use the proceeds of a part for the improvement of the remainder; also with power to subdivide any lands, to lay out upon the same public or private highways and places, with such conditions and reservations as to him may seem meet, and generally to manage my estate as may to him seem most proper and advantageous for the purpose. And whereas, under a most friendly, intimate and confidential relationship for a long time existing between myself and said executor, I am largely indebted to him for means, advice and other aid in making judicious investments in acquiring property, and in making them successful and profitable, (for all of which, with his consent, no written obligations were ever executed by me to him,) and whereas, I have never yet repaid to him any such advances nor any interest thereon, and whereas, he has never yet shared in the profits of such investments, etc., as it was always my intention that he should share them and as he is entitled to do; therefore, I declare that whatever of my estate, said farm and block 189, town of East St. Louis, St. Clair county, Illinois, my homestead excepted, shall be taken or claimed by him as therefor due him, shall be considered as due him without further proof and shall be conclusive to my heirs.'

"The evidence shows that John Steinert died on May 2, 1870; that his will was duly probated soon afterwards, and that letters testamentary were duly issued to John B. Bowman, as the executor thereof; that no inventory or account was ever filed by the executor, who paid the debts of the estate, however, and furnished some means for the support of the testator's five minor children; that in 1884 the executor divided among the children the farm and block mentioned in the will, and a tract of land adjacent to the said block, as being the part of their father's estate to which they were entitled under the will; that

the executor sold several other tracts of land the title to which stood in the name of John Steinert; that in 1884 the oldest two of John Steinert's children, who were then of age, executed and delivered releases under seal to John B. Bowman, releasing him from all claims and demands which they might have against him as executor; that on November 20, 1885, John B. Bowman died, and that, by descent and purchase, the whole of his estate now belongs to the defendant in error; that in 1889 the three children of John Steinert who had not executed releases to the executor of their father's will, executed such releases and delivered them to the defendant in error; that these children were then of age, except Edward, who was twenty years old; that certain tracts of real estate appearing of record in John Steinert's name were sold as the property of John B. Bowman by the defendant in error, as the administrator of his father's estate, under and by virtue of proceedings for the sale of lands for the payment of debts of the estate, and that the estate of John B. Bowman was fully settled more than two years before the bill in this case was filed.   Plaintiffs in error sought to compel defendant in error to account to them for the proceeds of the sales of lands above mentioned, and the chancellor dismissed the bill for want of equity.

"It seems to us that there is no difficulty in understanding or construing the fourth clause of John Steinert's will. John Steinert was largely indebted to John B. Bowman for means, advice and other aid in making judicious investments in property.   Therefore the testator authorized Bowman to take or claim whatever of the testator's estate he considered due him, with the exception of the farm and block above mentioned, and directed that Bowman's act should be conclusive proof that whatever he might take or claim was really due him.   If the whole estate, except the farm and block, should be thus absorbed by Bowman, the heirs could not be heard to complain because they were to be bound by Bowman's decision in the premises.

149—38

"It is contended that so much of the fourth clause as gives to the executor the right to take or claim whatever may be due him, is void for uncertainty. There is no more uncertainty in this clause than in any other provision for the payment of a testator's debts. The difference between this and other cases is in the manner in which the amount of the indebtedness is to be ascertained. Generally, claims must be filed and proved by competent evidence. In this case proof is dispensed with, and the claim of the executor is made conclusive of his rights. The legal title to the property is vested in him, and whatever he takes or claims becomes absolutely his. If a testator may give all of his property to a stranger to whom he owes no obligation, there is no reason why he may not do the same to one to whom he is largely indebted, leaving it to the creditor to decide whether or not, as a matter of grace, any part of the property shall be divided among the heirs.

"Nor is this construction of the fourth clause forbidden by the sixth clause, which directs that when each child becomes of age the executor shall convey or assign to him his share of the estate after the separation of the same from the claims of the executor, as aforesaid. Even if this provision of the will required that some part of the real estate, other than the farm and block 189, should be divided among the heirs, this requirement was satisfied when the tract of land adjacent to block 189 was divided and conveyed to them. 1 Jarman on Wills, 652, and notes, (5th Am. ed. from 4th London ed.)

"A case in point is *Randall* v. *Randall*, 135 Ill. 398, wherein the second clause of the will, after reciting that the testatrix desired to provide for the support and education of her children, who were unmarried and minors, and for the support of such of the married or adult ones as might become really needy through innocent misfortunes, devised to her husband all of her property that he might use the same for the maintenance and education

of her children, and advance to each of them, from time to time, whatever he might deem best to start them in life. By the third clause of the will the husband was appointed executor, and given full power to control, manage, use, convey, sell or dispose of the property as his own absolute property, without being required to file or render any account or give any bond. Mr. Justice SCHOLFIELD, in delivering the opinion of the court, says: 'No specific interest is defined as that which it was intended any child should take; but whether one or all is or are to take any, and if any, how much, is to be determined by the uncontrolled judgment and discretion of the husband. He may use the property, and sell and dispose of it as his own absolute property, without being required to file or render any account or give any bail. He can have no more perfect dominion over property acquired from any source. If he cannot be required to file or render any account or give any bail, no one can be entitled to assert an antagonistic interest in the property.—*Howard* v. *Carusi*, 109 U. S. 725.' So in the case before us, the will provided that the executor should not be required to give bond, and that whatever the executor might take or claim as due him should be considered as due him without further proof. Under such provisions, 'no one can be heard to assert an antagonistic interest in the property.'

"The decree of the circuit court is affirmed."

A careful examination and consideration of the points involved in this record have brought us to the conclusion the case was rightly decided by the circuit court and properly affirmed by the Appellate Court. Nor does it seem to us anything is necessary to be said beyond what is contained in the opinion of Mr. Justice SCOFIELD. That opinion is adopted as the opinion of this court.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*