*C. P. Goree* and *J. S. James,* for defendant.

---

## LEWMAN v. OWENS.

1. The intention of the parties to a deed, from the whole instrument, should, if possible, be ascertained and carried into effect; but if two clauses in the deed be utterly inconsistent, the former must prevail.

2. F. executed to H. a quitclaim deed, conveying a one-fourth interest in a certain lot of land. H. concurrently executed to F. a deed purporting to convey an undivided one-half interest in an adjoining lot. In each of the deeds was inserted a clause, after the clause of conveyance, and near the close of the paper, which recited that each of the parties acquired an undivided one-half interest in the property by inheritance from their mother, they being her sole heirs at law; that the estate

of their mother was never administered, there being no necessity for administration, and no debts against it; that they inherited the property free from encumbrance, and, being of full age, had agreed between themselves upon a division of it; and that each of such deeds was the consideration for the other. In the deed from F. to H. it was also recited that F. "retains an undivided one-fourth interest in the lot in. which she this day conveys an undivided one-fourth interest to said H." It was admitted that the recitals as to the manner in which F. had acquired title to the property conveyed by her, that she and H. were the sole heirs of their mother, and that the estate of the latter had never been administered, were untrue. In fact the mother left a will devising her real estate to H. and another daughter, who died testate devising her estate to F. and H., so that the actual interest which F. owned was an undivided one-fourth interest in the lot described in her conveyance. *Held,* that by her deed she conveyed to H. the undivided one-fourth interest which she owned, and the subsequent clause reciting that she also retained a fourth interest reserved no title in her.

3. Under the facts above stated, when a judgment creditor of the administrator of F., after her death, caused the execution issued thereon to be levied on an undivided one-fourth interest in the lot as belonging to F. under the subsequent clause of recital in the deed, no estoppel arose in favor of such creditor against one who acquired title under H.

4. Evidence was offered to show, that, a number of years before F. executed her deed to H., the mother of F., together with her two daughters other than F., signed a deed to the husband of F., covering a four-fifths interest in the lot adjoining that now involved, on which they lived afterward, but which former deed was not shown to have been known to F., or to have been delivered or recorded until several years after the deeds between F. and H. *Held,* that the evidence was properly rejected.

5. An inventory made by the administrator of F., after her death, was not admissible for the purpose of throwing light on her intention when she executed the deed to H.

Argued November 12, 1908.—Decided April 19, 1909.

Claim. Before Judge Ellis. Fulton superior court. April 15, 1908.

Mrs. Mariah L. Harris owned certain land in the city of Atlanta. She died testate, leaving three living daughters. By her will she left the proceeds of a policy of life insurance to be. divided among her three daughters and the children of a deceased son. The rest of her property she bequeathed to her two unmarried daughters, Josephine and Matilda. This will was probated in 1885. Subsequently one of the unmarried daughters, Matilda, died leaving a will which was probated in August, 1897. By one item of it she devised to her two sisters, Josephine E. Harris and Frances F. Farrar, share and share alike "my one-half interest in the house and lot on Courtland street, . . willed to me by my

mother." On April 2, 1898, Mrs. Farrar executed to Josephine
Harris a quitclaim deed, which was recorded in 1899. It recited
a consideration of "the sum of $5 (and the consideration herein-
after mentioned) cash in hand paid, the receipt of which is hereby
acknowledged," and conveyed "an undivided one-fourth interest
in a tract of land lying and being in the city of Atlanta, county of
Fulton," describing the lot on Courtland street. After the convey-
ing clause the deed contained the following: "The parties to this
deed each acquired an undivided half interest in the property de-
scribed herein, by inheritance from their mother, Mariah L. Har-
ris, they being the sole heirs at law of said Mariah L. Harris.
The estate of said Mariah L. Harris was never administered, for
the reason that no administration was necessary, and it owed and
owes no debts. The parties to this deed inherited said property in
said respective interests free from encumbrance; and they, as sole
heirs at law of said deceased, being of legal age and in their own
right, have agreed among themselves upon a division of the property
embraced in this deed and another deed of same date made by
Josephine E. Harris to Fannie F. Farrar, by which said Harris
conveyed to said Farrar a ½ interest in another lot of the same
size as this. Each of said deeds is the consideration for the other.
With all the rights, members, and appurtenances to the said bar-
gained premises in anywise appertaining or belonging. Said Mrs.
Farrar retains an undivided ¼ interest in the lot in which she
this day conveys an undivided ¼ interest to said Miss Harris.
To have and to hold the said bargained premises unto the said
Josephine E. Harris, heirs and assigns, so that neither the said
Fannie F. Farrar nor her heirs, nor any other person or persons
claiming under her, shall at any time have, claim, or demand any
right, title, or interest to the aforesaid bargained premises or its
appurtenances." On the same day Miss Josephine Harris made
to Mrs. Farrar a quitclaim deed which recited the consideration of
$5 "and the consideration hereinafter named," and purported to
convey an undivided one-half interest in the lot adjoining that de-
scribed in the deed made by Mrs. Farrar. This deed contained the
same recitals in regard to the source of the title as those in the
deed from Mrs. Farrar to Miss Harris, and also contained the
following statement in connection therewith: "Said Mrs. Farrar
retains an undivided ¼ interest in the lot which she this day con-

veys to said Josephine E. Harris, so that she only conveys an undivided one-fourth interest therein."

It was admitted by the parties that the recitals as to the manner in which Mrs. Farrar acquired title to the property, and that she and Josephine Harris were the sole heirs of Mariah L. Harris, and that the estate of Mrs. Harris was never administered, were untrue. On December 11, 1900, Josephine Harris conveyed an undivided one-fourth interest in the same land to John S. Owens. In 1899 she had made a conveyance of a three-fourths interest to one Matthews, who conveyed to the Equitable Loan and Security Company in 1900, and that company conveyed to Owens in 1906. On June 27, 1902, Lewman recovered a judgment against the administrator of Mrs. Farrar, who had died. The execution issued thereon was levied on a one-fourth interest in the lot of land described in the deed from Mrs. Farrar to Josephine Harris, on February 9, 1906. Owens interposed a claim. On the trial the facts stated above were shown, without conflict in the evidence. There was some other testimony not material to be set out. The presiding judge directed a verdict in favor of the claimant. The plaintiff moved for a new trial, which was refused, and he excepted.

*McDaniel, Alston & Black,* for plaintiff.

*E. M. & G. F. Mitchell,* contra.

LUMPKIN, J. (After stating the foregoing facts.)

1. Mrs. Farrar and her sister, Josephine E. Harris, owned undivided interests in certain land. Two adjoining lots had originally belonged to their mother, who devised them to Josephine and another sister, Matilda, who later died, leaving a will by which she devised her interest in the property to her two sisters. Thus Mrs. Farrar owned a one-fourth interest and Josephine a three-fourths in the lot now in controversy. Certain litigation in regard to the lot adjoining that now involved will be found reported in *Equitable Loan and Security Company* v. *Lewman,* 124 *Ga.* 190 (52 S. E. 509, 3 L. R. A. (N. S.) 879). Mrs. Farrar and her sister made cross-deeds to each other for the purpose of making a division of the property, as they declared therein. Josephine conveyed to Mrs. Farrar an interest in the adjoining land (referred to as a one-half interest). Mrs. Farrar undertook to convey something in return to Josephine. She owned a one-fourth interest in the lot now involved in litigation, and no more. In the conveying clause

of her deed she stated that she "has bargained, sold, and does by these presents bargain, sell, remise, release, and forever quitclaim to the said Josephine E. Harris, her heirs and assigns, all the right, title, interest, claim, or demand which the said Fannie F. Farrar has or may have had in and to an undivided one-fourth interest" in the lot, describing it. In a later clause inserted in the deed it was recited that she conveyed a one-fourth interest to her sister, and had a one-fourth interest left. It is admitted that the recitals that she obtained a one-half interest by inheritance were erroneous. In fact she had no more than a fourth interest. It is evident that in the division she intended to convey something to her sister in consideration of the conveyance which the sister made to her concurrently with her deed. As she had only a fourth interest, it must follow either that she conveyed the one-fourth interest to her sister and had nothing left, or else that she conveyed nothing to her sister and had a fourth-interest left. Under one construction of the deed, she made a division with her sister, receiving a conveyance from the latter as to other property, and conveying to the sister her interest in this property. Under the other construction, in making deeds to effectuate a division of property with her sister, she received a deed and conveyed nothing in return. It is hardly conceivable that such was the intention of the parties, and that they meant that the conveyance of Mrs. Farrar should in effect say that she conveyed her one-fourth interest in the lot to her sister Josephine, but at the same time retained it in herself. The deed, so construed, would be a somewhat elaborate method of conveying nothing. Having but the interest in the lot above stated, Mrs. Farrar could not both convey it and keep it. If the two clauses of her deed were construed so as to have that meaning, they would be utterly inconsistent, and the former would prevail. Civil Code, § 3607. If, by error of the scrivener or otherwise, it was supposed that she had another one-fourth interest in the lot besides that which she conveyed, such a recital would not destroy the conveyance of the interest which she really had, and thus render the deed wholly ineffective. One can no more convey all of the estate which he owns in a lot and yet retain some of it than he can perform that other proverbially impossible feat of eating his cake and still having it left.

3. It was urged that Owens claimed under Josephine Harris,

and had in his chain of title the deed from Mrs. Farrar, which recited that she retained an undivided one-fourth interest in the property, and that he was thereby estopped. It was admitted on the trial that the recitals in the deeds made by Mrs. Farrar to her sister, and by the latter to her, purporting to set out how they acquired the title, were not true. Those recitals furnished the only indication that Mrs. Farrar ever had more than a one-fourth interest in the lot. Lewman, who is making the contention, is a judgment creditor of Mrs. Farrar, not a privy in estate with her. See *Equitable Loan and Security Co.* v. *Lewman,* 124 *Ga.* 198, supra. The deed from Mrs. Farrar to her sister conveyed the one-fourth interest in the lot which the maker owned; and there was no error on the part of the trial judge in so holding and directing a verdict.

4, 5. Counsel for the plaintiff offered evidence to show that a deed dated June 27, 1888, and recorded in 1902; was made by Mariah L., Josephine, and Matilda Harris as grantors, and Robert M. Farrar as grantee, purporting to convey the interest of the grantors in the property adjoining that in controversy, recited to be a four-fifths undivided interest therein. Testimony of Farrar was also offered, indicating that he knew nothing of the deed made to him until 1900, when he went to Texas, and his sister-in-law delivered a lot of papers to him, among which he found it; that he did not know where she obtained it, or anything about it; and that he and his wife lived on the lot, and Mrs. Harris lived with them for several years, as did also his sisters-in-law. On objection this evidence was excluded. A copy of an inventory made by the administrator of Mrs. Farrar in 1903, in which was returned by him a one-fourth interest in this property, was also excluded. These rulings were correct. The evidence in regard to the deed made to Farrar in 1888, and which he swore without contradiction he discovered in 1900, after the making of the deeds between his wife and her sister, would not serve to throw light on the intention of Mrs. Farrar as to what interest in the other lot she conveyed. An inventory made by Mrs. Farrar's administrator long after the execution of the deeds now under discussion, and after she had died, could not have any force in construing the deed made by her to her sister.

*Judgment affirmed. All the Justices concur.*