## GALLAND, assignee, etc., *v.* REUBEN.

The judge did not err in overruling the demurrer to the answer, and in finding in favor of the defendant on the facts of the case.

No. 3207. MARCH 3, 1923.

Complaint for land. Before Judge Malcolm D. Jones. Bibb superior court. April 8, 1922.

On December 20, 1912, George H. Reuben executed this deed:

" State of Georgia, County of Bibb. This indenture, made and entered into this 20th day of December in the year of our Lord one thousand nine hundred and twelve (1912), between George H. Reuben, of County and State aforesaid, party of the first part, and George H. Reuben, as trustee for the use of Mrs. Leda Catherine Reuben, his wife, Leda Birney Reuben, his minor child, and

for the use of such other child or children as may hereafter be born to the said George H. Reuben (said wife and minor child being also of County and State aforesaid), party of the second part: witnesseth: That said party of the first part, for and in consideration of the sum of one dollar ($1.00) cash in hand paid by said party of the second part, receipt whereof is hereby acknowledged, at and before the sealing and delivery of these presents, and for and in consideration of the natural love and affection had and borne by said party of the first part for and toward said wife and children, has granted, given, aliened, conveyed, and confirmed, and by these presents does grant, give, alien, convey, and confirm unto the said party of the second part, his successors and assigns, in trust as hereinafter set forth, all the following described property [omitting the description]. To have and to hold the said above-described property, with all and singular the rights, members, and appurtenances thereunto appertaining or belonging, to the said party of the second part; nevertheless to the only proper use, benefit, and behoof of said wife and child, and such other child or children as may be hereafter born to him, the said George H. Reuben, forever in fee simple; that is to say, in trust for the sole enjoyment and use of the said wife and child now in esse, for and during the full term of the natural life of the said George H. Reuben, free and exempt from any and all liabilities for any and all debts, contracts, and other liabilities of the said George H. Reuben, or any other person whomsoever, and, after the death of the said George H. Reuben, the said property to belong to the said wife and children of the said George H. Reuben, in such estates, terms, portions and proportions, and with such remainders as shall be specified and directed by the said George H. Reuben in his last will and testament; with full power in the said George H. Reuben, as well as with full authority in him, to hold, manage and control said property, and to receive and disburse the rents, issues, and profits of the same, for the uses and trusts aforesaid, according to his judgment and discretion, without account to the said cestui que trusts, or either of them, or to any person or persons whomsoever, and without any right, power, or authority in said cestui que trusts, or either of them, or any persons for them, to have, demand, or receive any separate or divided interests in said property, or the rents, is-

sues, or profits thereof; this trust being designated and intended for the use and benefit of the members of the family of the said George H. Reuben, living together as a family during the life of the said George H. Reuben, and, after his death, to be disposed of to them as hereinabove provided; and also with power and authority in the said George H. Reuben, as trustee as aforesaid, in his judgment and discretion, to sell and convey, mortgage, or otherwise dispose of said property, or any part or parts thereof, without the necessity of obtaining any order or authority of any court or official; and to reinvest the proceeds of such sale, mortgage, or other disposition, to the same uses, trusts, powers, and limitations as hereinbefore created and conferred; such reinvestment to be made in the judgment and discretion of the said George H. Reuben, trustee as aforesaid; and to execute and deliver all necessary deeds and instruments in such sales, mortgages, or other dispositions, without any order or authority of any court or official. .

" Grantee herein, as trustee as aforesaid, to have and to hold as aforesaid, to him, his assigns and successors, forever in fee simple. And the said party of the first part the said herein conveyed property unto the said party of the second part, his successors and assigns, against the said party of the first part, his heirs, assigns, and legal representatives, shall and will and by these presents does warrant and forever defend, by virtue of these presents.

" In witness whereof the said party of the first part has hereunto set his hand, affixed his seal, and delivered these presents, the day and year first hereinbefore written. [Duly executed and recorded.]"

On January 10, 1921, George H. Reuben while living in the State of Arizona, being insolvent, made a deed of assignment to L. G. Galland as assignee for the benefit of his creditors. The deed did not specify as a part of the insolvent's estate the land · described in the deed just quoted. On July 5, 1921, Galland as assignee instituted an action against George H. Reuben, to recover the land. In the agreed statement of facts it was stated that the deed of assignment was sufficient, under the laws of Arizona, to embrace the land in dispute, if it was the property of George H. Reuben, notwithstanding such land was not specifically men-

tioned in the deed of assignment. The case was submitted to the judge to pass upon all questions of law and fact, without a jury. A judgment was rendered overruling a general demurrer to the defendant's answer, in which the defendant denied that he had any individual interest in the land, and set up title therein as trustee for the benefit of his wife and children under the deed above quoted. The judge also rendered a judgment in favor of the defendant, and the plaintiff excepted.

*Powers & Powers,* for plaintiff.

*Hall, Grice & Bloch* and *George W. Wood,* for defendant.

ATKINSON, J. Under proper construction, the instrument conveyed all title of the grantor individually to the grantee. If any of the provisions granting broad powers to the trustee should be construed as retaining an interest in the grantor, such provisions would be void as repugnant to the grant. Civil Code, §§ 3718, 3607; *Lewman* v. *Owens,* 132 *Ga.* 484 (64 S. E. 544); 18 C. J. 256, § 200. Under this view the deed executed at a time when the evidence does not show that the defendant was insolvent was sufficient to show that title had passed out of the grantor, and that the property in dispute did not vest in the assignee in bankruptcy. Consequently the judgment overruling the demurrer to the answer, and finding in favor of the defendant on the facts of the case, must be          *Affirmed. All the Justices concur.*