POWELL, executrix, *v.* SMITH.

No. 9902.    APRIL 11, 1934.

739

*M. D. Irwin, Pemberton Cooley,* and *William J. Cooley,* for plaintiff in error.

*John C. Houston,* contra.

HUTCHESON, J. (After stating the foregoing facts.) The first two headnotes do not require elaboration.

The portion of the court's order requiring plaintiff in error to make returns to the court, and to give bond in the sum of $2500, is assigned as error as being contrary to the provisions of the will naming the executors and relieving them from making returns and giving bond. One of the coexecutors, the brother of the deceased, a business man and a man of means, had died, and Mrs. Bennie Powell was acting as the sole executrix of the will of her husband; and it appearing that she had made encroachments upon the corpus of the estate, contrary to the terms of the will, and to the detriment of the legatees, the judge did not abuse his discretion in requiring the executrix to make such returns and to give bond, it further appearing that she is insolvent except for an annuity from the estate, which ceases at her death. A court of equity has concurrent jurisdiction over the settlement of accounts of administrators. Civil Code (1910), § 4075. This principle is made applicable to executors by Civil Code (1910), § 3892. In *Calbeck* v. *Herrington,* 169 *Ga.* 869, 874 (152 S. E. 53), it was held: "The ordinary on his own motion, or upon the representation of any person in interest

that an executor is mismanaging the estate or is about to remove from the State, may require such executor, after due notice and hearing, to give bond and security for the faithful execution of his trust; and on failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate. Civil Code (1910), § 3891; Acts 1791, Cobb's Dig. 309. . . In *Johns* v. *Johns,* 23 *Ga.* 31, this court held: 'Executors are trustees, and are amenable to a court of chancery for the faithful discharge of their trust. Chancery has a concurrent jurisdiction with the ordinary in holding them to security or removing them.' This ruling was based upon the act of 1791, which appears in Cobb's Dig. 307 et seq. Clearly, under this ruling, where a legatee under a will brings an equitable proceeding to compel an executrix to settle with her and turn over to her her legacies or devises coming to her under the will, a court of equity has jurisdiction to require the executrix to give bond in a proper case." And see *Clark* v. *Clark,* 167 *Ga.* 1 (144 S. E. 787) ; *Spooner* v. *Bank of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456). Under the pleadings and the evidence the judge did not err in passing the order of which complaint is made.

*Judgment affirmed. All the Justices concur.*