CHAPALAS *et al. v.* PAPACHRISTOS, executor.

No. 12119.  FEBRUARY 19, 1938.

546

*Walter S. Sanders* and *Stanford Arnold,* for plaintiffs.

*Adie N. Durden* and *Ellis G. Arnall,* for defendant.

BELL, Justice.   Residuary legatees filed in the court of ordinary an application to require an accounting and settlement of the executor.   The case was appealed to the superior court, where the petition was dismissed on general demurrer, and the plaintiffs excepted.   It seems from the briefs and a recital in the bill of exceptions that the judge was of the opinion that under the terms of the will the executor was relieved from any accounting or settlement in the court of ordinary.   Item 5 of the will was as follows: "I hereby make and appoint Constantinos N. Papachristos of Albany, Ga., as executor of this will, and I relieve him from making any inventory of my property or appraisement, or from giving any bond, and he is required only by this will to probate it and see that its terms are carried out; and he is further relieved from making any returns of his acts and doings to any court whatever."   It is contended by the attorneys for the executor, that, in view of the exemptions contained in this item, the court of ordinary is without jurisdiction to require the executor to make any accounting or settlement, and that he can be required to do so, if at all, only upon a suit in equity in the superior court.   We can not agree to this contention.   While the will does relieve the executor from making any returns to any court whatever, it also requires the executor to "see that its terms are carried out."   The exemption from any duty to make returns evidently refers to the annual returns required by statute.   Code, § 113-2207 (6, 7).   A testator may by will dispense with the necessity of making inventory or returns, provided there is no injury to creditors or third persons. § 113-1414.   From an examination of this will we can not think that the testator, in relieving the executor from the duty of making returns, intended also to make him unanswerable in any court on the question of settlement; and if he is subject to the jurisdiction of any court on that question, there is no reason to say that he

is not amenable to the court of ordinary. The will does not purport to render the executor less answerable to the court of ordinary than to any other court. Compare Reilly's Estate, 200 Pa. 200.

Among the matters of which the courts of ordinary have jurisdiction are "the granting of letters testamentary," "the distribution of deceased persons' estates," and "all such other matters and things as appertain or relate to estates of deceased persons." Code, § 24-1901 (2, 4, 10); *Hobby* v. *Ford,* 149 *Ga.* 176, 180 (99 S. E. 624). "Any person interested as distributee or legatee may, after the expiration of one year from the grant of administration, cite the administrator to appear before the ordinary for a settlement of his accounts, or, if the administrator chooses, he may cite all of the distributees to be present at the settlement of his accounts by the ordinary. Such settlement shall be conclusive upon the administrator and upon all the distributees who are present at the hearing." Code, § 113-2201. "Upon proof of such citation by a distributee, the ordinary may proceed to make an account, hear evidence upon any contested question, and settle finally between the distributee and administrator; such settlement may be enforced by execution or attachment for contempt, either party having the right to appeal." § 113-2202. All the provisions of the Code in reference to administrators, including the matter of "compelling settlements before the ordinary" and "all other matters in their nature applicable to executors," apply to and include executors, to the same extent as if they were named therein. § 113-1101. "A court of equity shall have concurrent jurisdiction with the ordinary over the settlement of accounts of administrators." § 113-2203. Under the facts of this case, as stated in the petition, the court of ordinary has the power and jurisdiction to deal with it in an adequate manner, or to the same extent as would be proper or necessary in a court of equity. *Hood* v. *Perry,* 73 *Ga.* 319, 322; *Davis* v. *Harper,* 54 *Ga.* 180; *Cook* v. *Weaver,* 77 *Ga.* 9 (2); *Lester* v. *Toole,* 20 *Ga. App.* 381 (6), 390 (93 S. E. 55). The court of ordinary has ample power to compel an executor or administrator to account to a distributee or legatee, although the concurrent jurisdiction of equity is expressly retained by the Code. *Strickland* v. *Strickland,* 147 *Ga.* 494 (94 S. E. 766). See also, in this connection, *Johns* v. *Johns,* 23 *Ga.* 31; *Calbeck* v. *Herrington,* 169 *Ga.* 869 (152 S. E. 53); *Powell* v. *Smith,* 178 *Ga.* 737, 741 (174

S. E. 341) ; *Trust Company of Georgia* v. *Smith,* 54 *Ga. App.* 518 (188 S. E. 469). Considering the instant will as a whole and giving to it a reasonable construction, we can not agree that the language of item 5 renders this executor unanswerable in any court on the question of account and settlement, or that he is subject only to the jurisdiction of a court of equity. On the contrary, it is our opinion that he is amenable to the court of ordinary as to such matters, and that the petition filed in that court, praying for an accounting and settlement, was sufficient to state a cause of action. This conclusion does not conflict with anything ruled in the following cases cited by the defendant in error, in reference to the powers of the court of ordinary: *Drane* v. *Beall,* 21 *Ga.* 21; *Brantley* v. *Greer,* 71 *Ga.* 11; *Cook* v. *Weaver,* 77 *Ga.* 9; *Dix* v. *Dix,* 132 *Ga.* 630 (64 S. E. 790) ; *Coleman* v. *Hodges,* 166 *Ga.* 288 (142 S. E. 875). Nor, in view of the Georgia statutes and the language of the instant will, are we persuaded to a different conclusion by the following decisions, cited by counsel for the defendant in error, in regard to wills in which executors were relieved from duties which might otherwise have devolved upon them. Sellers *v.* Sellers, 35 Ala. 235; In re Brown's Estate, 19 Pa. County Ct. 229; In re Keller's Estate, 224 Pa. 523 (72 Atl. 926). On the general subject, see 24 C. J. 937, § 2321; Maurer *v.* Brown, 168 Ill. 598 (48 N. E. 828) ; Randall *v.* Randall, 135 Ill. 398 (25 N. E. 780; 25 Am. St. R. 373). The court erred in sustaining the general demurrer and dismissing the petition.

*Judgment reversed. All the Justices concur.*