**COLUMBUS BANK & TRUST COMPANY, as Executor of the Will of C. F. Williams, Deceased, and Ethel C. Williams, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 853.

United States District Court
M. D. Georgia,
Columbus Division.

Sept. 20, 1962.

George L. Cohen, Sutherland, Asbill & Brennan, Atlanta, Ga., and Bentley H. Chappell, of Foley, Chappell, Young & Hollis, Columbus, Ga., for plaintiff Columbus Bank & Trust Co. et al.

Floyd M. Buford, U. S. Atty., and Sampson M. Culpepper, Asst. U. S. Atty., for the United States.

ELLIOTT, District Judge.

The sole issue in this case is whether the income of two trusts created by C. F. Williams was taxable to him as the grantor-trustee of the trusts for the years 1953 and 1954 by virtue of the provisions of Internal Revenue Code of 1939 and in particular U. S. Treas.Regs. § 39.22(a)-21. The parties concede that if the income of the trusts was not taxable to the grantor-trustee during 1953 and 1954, the plaintiffs (taxpayers) are entitled to recover from the Government overpayments of income tax as alleged.

On August 8, 1961 taxpayers filed a motion for summary judgment, together with supporting affidavits. On August 28, 1961 the Government filed a memorandum in opposition to taxpayers' motion for summary judgment, together with an affidavit of its counsel. On September 9, 1961 the plaintiffs filed additional affidavits and a reply brief. On July 12, 1962 the Court heard oral argument on the motion by counsel for both parties.

There is no merit in the Government's contention that the provisions of the trust instruments caused the income of the trusts to be taxable to the grantor. Each of the trust instruments provided that all of the corpus and income of the trusts was to be held by the trustee until his daughter named as beneficiary reached the age of twenty-one, at which time the trust funds including all accumulated income were to be paid to the beneficiary. The trusts were irrevocable, gave the grantor broad powers of administration and management of the trust funds, and required an accounting by the trustee upon termination of the trusts.

The general powers of administration and control granted to the grantor-trustee in the trust instruments were managerial and investment powers which appear to be the kind typically granted to trustees. Notwithstanding the broad discretion granted to the trustee, the trust instruments were effective in creating a valid trust under Georgia law subjecting the trustee's fiduciary powers to supervision of a court of equity. See Galland v. Reuben, 155 Ga. 293, 116 S.E. 302 (1922); Salter v. Salter, 209 Ga. 90, 97, 70 S.E.2d 453 (1952); Chapalas v. Papachristos, 185 Ga. 544, 195 S.E. 737

(1938). Where such managerial and investment powers are held by a grantor-trustee in his fiduciary capacity, they do not cause the grantor to be treated as the owner of the trust for tax purposes, nor do they cause its income to be taxable to the grantor-trustee. Greenwald v. Edwards, 53 U.S.T.C. ¶ 9557 (M.D.Ga.1953), aff'd, 217 F.2d 632 (5th Cir. 1954). Other cases have held that a grantor-trustee was not taxable upon the trust income notwithstanding powers of management and control even more extensive than those of the grantor-trustee in the present case. Wofford v. Commissioner, 207 F.2d 749 (5th Cir. 1953); Miller v. Commissioner, 203 F.2d 350 (6th Cir. 1953); United States v. Morss, 159 F.2d 142 (1st Cir. 1947); Armstrong v. Commissioner, 143 F.2d 700 (10th Cir. 1944).

All the cases cited by the Government as holding trust income taxable to the grantor-trustee have involved situations where the grantor-trustee had powers to control the beneficial enjoyment of the trust corpus or income, rather than administrative powers of management and control. In this case the Government does not even contend that the trust instrument gave the grantor-trustee powers of administration which permitted him to deal with the trust for less than an adequate and full consideration, or the power to borrow without adequate interest or security, or any other powers which would have permitted him to act in his own interest instead of as a fiduciary for the interests of the beneficiaries.

Based upon the foregoing, I conclude that the powers granted to the grantor-trustee by the trust instruments did not cause the trust income to be taxable to him.

■ The Government has also contended that facts surrounding the creation and administration of the trusts support its contention that the income of the trusts should be taxable to the grantor. Taxpayers have filed appropriate affidavits controverting the facts upon which these contentions are based. Between September of 1961 and the hearing on this motion in July of 1962, the Government had ample opportunity to make use of discovery procedures or to take other steps to develop information in support of its position. The only material in the record other than the pleadings and the plaintiffs' affidavits is an affidavit by an attorney of the Department of Justice who makes certain statements about his belief, based upon unrevealed material in the Government's files. With the record in this status, the Government's contentions must be evaluated based upon the sworn and uncontradicted facts contained in the affidavits presented by taxpayers.

There is no basis for the Government's contention that these trusts were created because of considerations of tax avoidance. The uncontradicted facts stated in the affidavit of the deceased grantor-trustee's partner in a partnership operating a construction business establish that the trusts were created to replace the minor daughters as partners in the partnership to meet a requirement imposed by the United States Corps of Engineers as a condition precedent to the award to the partnership of a substantial government contract. Prior to the creation of the trusts the daughters were individually taxed upon their share of the partnership income, which subsequently was owned by the trusts, so that the creation of the trusts did not affect or reduce the amount of income reported by the grantor-trustee.

The Government's major reason for attempting to tax the income of the trusts to the grantor-trustee is its erroneous assumption that the trusts continued to own interests in the construction partnership, which subsequently was incorporated after the Government asserted that it should be taxable as a "family partnership". It is established by the affidavit of the certified public accountant who examined the books and records of the trusts and prepared de-

tailed accounting of the income and principal of the trusts during their entire existence, that the partnership interests of the trusts in the construction partnership were terminated in 1952, prior to the years involved here, and that the trusts did not subsequently reacquire any interest in the construction partnership or any interest in the business after the construction partnership was incorporated.

The Government has not been able to suggest any impropriety by the grantor-trustee in the administration or handling of the trusts which would justify the conclusion that the grantor-trustee abused his fiduciary obligations and exercised powers over the trust funds beyond those granted in the trust instruments. Any such contention is completely contradicted by the affidavits of the certified public accountant who advised the grantor-trustee and was familiar with the administration of the trusts and examined the books and records of the trusts, and also by the affidavit of the grantor-trustee's partner in the construction partnership. Both of these affidavits establish that the trustee in every respect handled the trust funds for the benefit of the beneficiaries and made a detailed and complete accounting to the beneficiaries upon termination of the trusts. The excellent character of administration of the trusts is further demonstrated by the uncontested fact that the original $5,000.00 corpus of each trust when created on June 1, 1946 had increased by the termination of the trust on March 2, 1954 to over $96,000.00.

For the foregoing reasons, upon consideration of the pleadings, briefs and affidavits, I conclude that there is no dispute of material facts relating to plaintiffs' claim and that plaintiffs have established as a matter of law that the trust income was not taxable to the grantor-trustee during the years involved. Accordingly plaintiffs' motion for summary judgment under Rule 56 will be 'granted.