EDWARD McDONALD, plaintiff in error, *vs.* JACOB DAVIS, defendant in error.

1. When suit was brought upon account, and set-off was pleaded involving a multiplicity of items, originating in three years' dealing between the parties and the defendant upon such complaint upon account, filed his bill in equity to enforce specific performance of the purchase of a house and lot growing out of the transaction, and upon the hearing the Court granted the injunction:

*Held,* That, while a Court of law has concurrent jurisdiction with equity in matters of account, and when first exercised, will not be interfered with unless for *good reason.* We think the reason presented by the facts in this case were sufficient to sustain the judgment of the Court below.

2. When equity obtains jurisdiction, as in this case, for specific performance, it will take jurisdiction over all the matters correlative to it, and retain the jurisdiction untill full and satisfactory justice is accomplished between the parties; and under section 3075 of the Code *complicated and intricate accounts* are proper matters of equity jurisdiction, when, by the aid of a Master or Auditor, the hearing may be facilitated.

3. And, again, this Court will not reverse the judgment of the Court below granting or refusing injunction, except in cases of the abuse of the power vested by law in the Chancellor.

Equity.   Jurisdiction.   Injunction.   Before Judge HAR-RELL.   Randolph Superior Court.   April Term, 1871.

This case is reported in the opinion.

E. L. DOUGLASS, W. D. KIDDOO, for plaintiff in error, as to jurisdiction: Revised Code, sections 3041, 3152, 3075, 7 Georgia Reports, 206; 12th, 9; 17th, 558.

JOHN T. CLARK, for defendant, cited Revised Code, section 3119; 2 Story's Equity, sections 759, 457, 459, 455, 442, 450, 451; 36th Georgia Reports, 345.

LOCHRANE, Chief Justice.

1. It appears from the record in this case that the parties thereto had mutual dealings with each other, involving a multiplicity of matters and continuing unsettled for some

three years, and each claiming large amounts to be due to the other, originating in these transactions covering dealings involving over forty thousand dollars. It appears that McDonald brought his action upon complaint against Davis, returnable to the May Term, 1868, of Randolph Superior Court for some $23,000 00, and Davis had filed a set-off against such complaint of McDonald the amount of some $40,000 00. It also appears by the bill of complainant that a suit was instituted by McDonald in ejectment for the recovery of a certain house and lot used for office purposes which Davis alleges was purchased for $500 00 in gold, and which he had paid, asking specific performance to perfect his equitable title thereto, and enjoin the action of ejectment and to bring the whole matters of account between them into a Court of equity, that all their various transactions might be settled and litigated between them upon such bill in equity filed by Davis in the premises. Upon the hearing of this bill the Judge granted the injunction prayed for, which judgment is excepted to and forms the error complained of. It is contended in this case, under section 3041 of the Code, that inasmuch as this account has been sued at law, equity will not interfere, but the Court of law will proceed to a final disposition of the case.

We recognize this general principle with the proviso expressed in the Code, " unless a good reason can be given for the interference of equity." The question in this case is whether the bill makes out such a reason as may properly invoke the interposition of a Court of Equity. It is true, as appears from the record, that the action of ejectment was dismissed, before the hearing; from which it was argued that the case stands upon the naked question, over which a Court of law has concurrent jurisdiction with equity, and that there is nothing peculiar in the accounts, except their magnitude, to make it necessary for equity to interfere.

2. It is a well settled principle that where a Court of Equity obtains jurisdiction for one purpose it will retain it un-

McDonald *vs.* Davis.

til full and satisfactory justice is rendered to all parties concerned. And although the action of ejectment was dismissed, we are, nevertheless, satisfied that a jury at common law could not decree a specific performance under the pleadings in adjudicating the mere matters of account. Therefore this ground of equity may properly be regarded a good reason for the interference provided for under section 3041 of the Code. Having taken jurisdiction to enforce specific performance incidental to that jurisdiction the whole litigation originating in the Court of law may be covered.

Again, by the pleadings it appears that the accounts between the parties, over which the law has taken jurisdiction, is only a part of the litigation, and from the allegations in this bill become mixed with a subject matter over which equity has a peculiar jurisdiction, and may therefore constitute a substantial reason for a transfer of the whole matter into a Court of Equity.

Again, under section 3075 of the Code, " equity jurisdiction over matters of account is defined to extend to mutual accounts growing out of privity of contract, or *where accounts are complicated and intricate.*" By examination of this record, containing the exhibits to the bill, and the mass of items covering some sixty pages, we are satisfied the machinery of a Court of equity, through an auditor or master, can more readily and with greater certainty of justice, analyze the mutual accounts between these parties ; and this is better than to encumber a Court of law by unnecessary delay, before a jury, in endeavroing to do justice between them.

3. Again, we affirm the judgment upon the ground that the granting or refusing injunctions, is a matter vested by law in the discretion of the Chancellor, and his decision will only be disturbed in cases where that discretion is abused.

Judgment affirmed.