## SPOONER *v.* BANK OF DONALSONVILLE.

1. The general rule is that equity will not interfere with the regular administration of estates, except upon the application of the representatives, either, first, for construction and direction, and second, for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interest.

2. A court of equity has concurrent jurisdiction with the court of ordinary over the settlement of accounts of administrators.

3. Where law 'and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity.

4. The trial judge properly entertained jurisdiction under the allegations of the petition as amended, and the proof in support thereof, and did not err in granting a temporary injunction and appointing a receiver.

No. 4291. NOVEMBER 21, 1924.

Injunction and receivership. Before Judge Yeomans. Seminole superior court. February 26, 1924.

The Bank of Donalsonville brought its petition against J. L. Haralson and Mary Maggie Dekle as executors of the last will and testament of P. S. Spooner, deceased, and alleged in substance as follows: P. S. Spooner at the time of his death was indebted to plaintiff upon notes and accounts approximating $14,000, and his

estate is now so indebted. He died testate on or about October 7, 1921, and at the time of his death he owned and possessed realty and personalty of the approximate value of $100,000, consisting principally of highly improved farm lands and improved city lots most of which was specifically devised to legatees named in his will. Under the terms of the will J. L. Haralson and Mary Maggie Dekle were named as executors, and they qualified as such on or about December 7, 1921, and are now in possession of a part of said estate. Mary Maggie Dekle is the daughter of testator and is one of the legatees in the will. There are now outstanding against testator's estate claims aggregating a sum far in excess of its present value. Plaintiff is one of the larger creditors, and has been paid about one eighth of the total amount due it. The executors, on or about January 1, 1922, delivered and turned over to the legatees the specific legacies devised, and thereby stripped it of its most valuable assets and its main source of revenue, and the legatees are now in possession of and holding the property with the express permission and consent of the executors, selling the timber and turpentine privileges thereon, farming, renting out, and collecting the rents and profits, and appropriating the property and profits derived therefrom to their own use, to the injury, damage, and exclusion of plaintiff and the other creditors of the estate. The executors, by the acts above set forth and hereinafter set out, have committed waste and are now wasting the estate and allowing it to become scattered, and have relinquished control over the principal part of the same, and are not administering or attempting to administer the body of the estate, nor are they carrying out or attempting to carry into effect the terms of the will. The profits and rental of the property which have been delivered over to the legatees are worth annually to the estate the sum of $6,000, and for the past two years the legatees have collected and appropriated to their own use from the property the value of $12,000; all of which money should have been collected by the executors and applied to the indebtedness of the estate. The executors have failed and refused to take charge of the property and lands, and have disbursed and allowed to become scattered the property, and have failed to collect the rentals therefrom, or to administer the same fairly and for the benefit of those holding legal and just claims against the estate, but are acting in collusion with

the legatees in allowing them to hold and enjoy the benefits of the same; and though the legatees are holding and collecting the profits and benefits of the principal part of the estate, the executors are appropriating and using the money of the estate toward the payment of the taxes upon the property they have delivered up and turned over to the legatees.

The acts of the executors in delivering to the legatees that portion of the estate devised to them, to take effect after the death of the testator, are delaying, hindering, and defrauding the creditors of the estate to the extent of many thousands of dollars, and the defendants have shown a reckless disregard for the interest of the creditors. Through the negligence of the executors and their refusal to fairly administer the estate, suits have been instituted in the courts of the county against them, in excess of $50,000, including court costs and attorneys' fees, and there are now outstanding against the estate executions aggregating over $4,000, and unusual and unnecessary expenses and litigation have accrued, all of which have materially depreciated the value of the estate, and the money unnecessarily expended should have been conserved and paid over to the creditors. The defendants have not attempted to wind up the affairs of the estate in fairness and in equity towards the creditors of the estate; the executors have "become crossed up, and refuse to work together in harmony for the benefit of said estate," and one of the executors has instituted suits against the other, relative to certain portions of the estate devised to her, against which suit the other executor is defending, and they are each suing the other and are stubbornly litigious one toward the other, and the acts of the one have a tendency to counteract those of the other, and under the present state of affairs it is impossible to fairly administer the estate while in their hands, and the creditors have suffered and are now suffering material financial loss and damage. The executors have allowed the estate to become insolvent, it is not now worth the amount of the indebtedness against it, nor is it worth more than one half of its value at the time of the death of the deceased. As now administered, it will be stretched over a long number of years, and the physical value of the properties will be greatly impaired and they will be dissipated by the defendants and legatees in litigation among themselves; and unless a court of equity intervenes and assumes jurisdiction of the administration of

the estate, plaintiff and other creditors will suffer further great loss and damage which will be irremediable, and a great multiplicity of suits will arise against it. All of the acts herein set forth work great injury, delay, and damage to the plaintiff as well as to the other creditors, and plaintiff has no adequate or complete remedy at law to correct the acts complained of. Plaintiff prays, that a court of equity intervene, assume jurisdiction of the administration of the estate, and take charge of the premises; that a receiver be appointed to take charge of all of the property of the estate and to marshal the assets and administer the same according to the terms of the will and according to law; that the legatees be restrained and enjoined from in any manner disposing of, encumbering, selling, committing waste, or in any manner otherwise placing beyond the control of the court or its receiver any of the property herein described; that the executors be required to deliver up to the receiver all of the money, property, books, papers, accounts, and effects belonging to or relating to the estate and the administration thereof, etc. Plaintiff amended the petition and named as additional parties defendant all of the heirs at law of testator, and all the legatees named in the will.

A demurrer was filed by Ella Amanda Spooner and Perry Alvester Spooner. Answers were filed by all of the defendants individually, in which they admitted some of the allegations of the petition and denied others, averring that they should not be restrained and enjoined from disposing of or encumbering, selling, or committing waste of any of the property turned over to them, because, the devises having been assented to and the property delivered to them, their inchoate title was perfected by such assent, and because there is no other or further fact set out in the petition as amended, going to show any reason or necessity for such action by the court. The court granted an interlocutory injunction and appointed a receiver, and the plaintiff in error excepted.

*W. I. & P. Z. Geer*, for plaintiff in error.

*E. E. & R. L. Cox*, contra.

HILL, J. (After stating the foregoing facts.)

1. We are of the opinion that under the allegations of the petition as amended, and the proof offered in support thereof at the interlocutory hearing, the trial judge properly entertained jurisdiction of the equitable petition and granted a temporary injunc-

tion and appointed a receiver. The general rule is that equity will not interfere with the regular administration of estates, except upon the application of the representatives, either, first, for construction and direction, and second, for marshaling the assets; or upon application of any person interested in the estate, where there is danger of loss or other injury to his interest. Civil Code of 1910, § 4596; *Morrison* v. *McFarland,* 147 *Ga.* 465 (94 S. E. 569). The Civil Code, § 4075, declares that a court of equity shall have concurrent jurisdiction (with the court of ordinary) over the settlement of accounts of administrators. *Clements* v. *Fletcher,* 154 *Ga.* 386 (114 S. E. 637), and cases cited. Where law and equity have concurrent jurisdiction, the court first taking will retain it, unless a good reason can be given for the interference of equity. Civil Code, § 4540. There is nothing in the record to show that the court of ordinary had assumed jurisdiction of any proceeding having for its purpose the settlement of the accounts between the executor and the legatees under the will of the testator, or that any relief was sought in the court of ordinary for which the petition in the present case prayed. The petition alleges that the executors by their acts are wasting the estate, and that they are refusing to administer it, and that they are appropriating to their own use from the property of the estate large sums of money, and that they are acting in collusion with the legatees in allowing them to hold and enjoy the benefits of the same to the exclusion of the creditors of the estate, and by so doing are hindering and defrauding the creditors of the estate to the extent of many thousands of dollars, etc. So we are of the opinion, as stated, that the petition set out an equitable cause of action against the defendants, and that the trial judge, at the interlocutory hearing, did not err in granting the injunction and appointing a receiver.

*Judgment affirmed. All the Justices concur.*