McCORD, executor, *et al. v.* WALTON, administratrix.

BELL, Justice.  1. While a court of ordinary has the same jurisdiction and power as a court of equity to compel an executor to account to a distributee or legatee, and equity will not usually interfere with the regular administration of estates, it may do so in some cases, one of which is "upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, §§ 37-403, 113-2201, 113-2202; *Strickland* v. *Strickland*, 147 *Ga.* 494 (94 S. E. 766); *Spooner* v. *Bank of Donalsonville*, 159 *Ga.* 295 (125 S. E. 456).

2. Accordingly, although it appears in this case that the court of ordinary had taken jurisdiction to require an accounting and while as between courts having concurrent jurisdiction the first to assume jurisdiction will usually retain it, yet the plaintiff having alleged waste and mismanagement, commingling of funds, and insolvency on the part of the executor, together with incompetency from habitual intoxication, and having prayed not only for an accounting, but also for injunction and receiver, the allegations were sufficient to show danger of loss or other injury, and cause for interference by a court of equity through appointment of receiver and grant of injunction. Code, §§ 37-122, 113-2203; *Smith* v. *Garrison*, 155 *Ga.* 260 (3) (116 S. E. 599); *Spooner* v. *Bank of Donalsonville*, supra; *Hamrick* v. *Prewett*, 174 *Ga.* 895 (164 S. E. 678); *Stroup* v. *Imes*, 185 *Ga.* 422 (195 S. E. 411). In such case, the ordinary would not have jurisdiction to grant the immediate relief which appeared from the allegations to be necessary. "A mere privilege to a party to sue at law, or the existence of a common-law remedy not as complete or effectual as the equitable relief, shall not deprive equity of jurisdiction." Code, § 37-120.

3. The court of equity after taking jurisdiction for the grant of such extraordinary relief will retain it for all purposes including an accounting. Code, § 37-105; *McDonald* v. *Davis*, 43 *Ga.* 356 (2); *Eagan* v. *Conway*, 115 *Ga.* 130 (3) (41 S. E. 493).

280

4. It could not properly be held that it was the intention of the testatrix that the executor should not be accountable to any court under the circumstances alleged in this case. *Chapalas* v. *Papachristos*, 185 *Ga.* 544 (195 S. E. 737).

5. The petition stated a cause of action. The court did not err in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 13701. MAY 19, 1941.

282

*Roy S. Drennan,* for plaintiffs in error.
*Evins & Evins, Spence & Spence,* and *S. N. Evins Jr.,* contra.