29020. RENTZ *v.* KING *et al.*

DECIDED DECEMBER 3, 1941.

*P. Q. Bryan,* for plaintiff in error.
*Hoyt H. Whelchel, Robert E. Cheshire,* contra.

FELTON, J. Charles H. King and Bessie E. King foreclosed a distress warrant against L. I. Rentz which was levied on crops as the property of Rentz found in his possession. Rentz filed an affidavit that the sum distrained for was not due. The defendant amended his counter-affidavit alleging that at the time he executed the rent note which formed the basis of the warrant he was a duly-adjudicated incompetent under a guardianship of Colquitt court of ordinary and that the execution of the note was void. The jury found for the plaintiffs. The defendant excepted to the overruling of his amended motion for new trial.

One ground of the amended motion is that the court erred in excluding from evidence the record from the court of ordinary showing the appointment of a guardian for the defendant. The order appointing the guardian is as follows: "The application of Mrs. Willie Mae L. Rentz for letters of guardianship for Leonard I. Rentz, incompetent, having been read and considered, and it appearing that citation has been duly published as required by law; that no objection has been filed to said appointment; that the said Mrs. Willie Mae L. Rentz is a proper person to be appointed guardian; that a certificate, which is made a part of said petition, sets forth the fact that the said Leonard I. Rentz has been rated incompetent on examination in accordance with the laws and regulations governing the Veterans Administration; that the necessity for the appointment of a guardian exists; and it further appearing that this court has jurisdiction to appoint a guardian in this case. It is considered, ordered and adjudged that the said Mrs. Willie Mae L. Rentz be, and is hereby appointed guardian of the person and property of the said Leonard I. Rentz; and it is further ordered that letters of guardianship issue to the said Mrs. Willie Mae L. Rentz upon her taking and subscribing the oath and giving a surety bond as required by law in the sum of $1000."

The other documents sought to be introduced were as follows: The petition for the appointment of a guardian, which alleged among other things the following: "The petition of Mrs. Willie Mae L. Rentz respectfully shows: 1. That Leonard I. Rentz, hereinafter referred to as the ward, is mentally incompetent and is subject to have a guardian appointed for him. 2. That the said ward has been rated incompetent by the Veterans Administration on examination in accordance with the laws and regulations governing the said Veterans Administration, as is shown by certificate of incompetency, attached hereto, marked 'Exhibit A' and made a part hereof by reference thereto. . . 5. That the ward is entitled to receive moneys payable by the Veterans Administration; that the amount now due the said ward by the Veterans Administration is approximately $400, and the amount of probable future payments is $28.75 per month. In addition thereto he has other funds and property valued at approximately $————, and is entitled to receive approximately $———— per month from sources other than the Veterans Administration." The order for citation,

citation, and the certificate by the chief attorney of the Veterans Administration of Atlanta, Georgia, that L. I. Rentz was a beneficiary of the Veterans Administration and had been rated incompetent by the administration.

The proceedings show on their face that the guardianship was sought and obtained under the provisions of Code §§ 49-801 et seq., under which the ordinary is authorized to appoint a guardian without the findings of a commission, and not under Code §§ 49-601 et seq., under which the finding of a commission is a prerequisite to the appointment of a guardian except when the subject has already been committed to the State hospital (Code, § 49-614). The appointment, under the circumstances of this case, can not amount to more than appointment for the limited purposes provided for in Code §§ 49-801 et seq., despite the allegations in the petition that the defendant had other funds and property, and despite the fact that the guardian was appointed for the "person and property" of the defendant. An ordinary is without jurisdiction to appoint a general guardian without the finding of a sanity commission. *Templeman* v. *Jeffries*, 172 *Ga.* 895 (159 S. E. 248).

The appointment of a guardian under Code §§ 49-801 et seq. does not render contracts void made by him during the pendency of the guardianship. *Morse* v. *Caldwell*, 55 *Ga. App.* 804 (191 S. E. 495). It was therefore not error to exclude evidence of the guardianship.

■ Another ground of the amended motion was that the court erred in refusing to permit Mrs. Willie Mae Rentz to answer the following question: "At the time you made the trade, tell the jury what your trade was." The note introduced by the plaintiff was as follows: "On or before the 15th day of August, 1940, I, we, jointly or severally promise to pay to Chas. H. and Bessie E. King or order $400 for the rent for the year 1940 on the following described land: situated in the 8th land district of Colquitt County, Ga., to wit, 150 acres of land, more or less, being a part of original lot No. 67 in the 8th land district of Colquitt County, Ga., and known as the Weltzbarker place." It was signed by Mrs. Willie Mae Rentz and L. I. Rentz. Movant insisted that the witness would have answered the inquiry as follows: "The witness will swear to appropriate questions that at the time her husband rented the farm from Charles H. and Bessie King they represented to her

and her husband that the farm had 100 acres in cultivation, and that they would rent it to them at $4 per acre, making a total rental value of $400. She will further swear that since the execution of the paper the plaintiff has told her and her husband there was 100 acres of cultivatable land there. She will further swear that there were in fact only 76.4 acres of land in cultivation on said farm."

A defendant in a distress warrant proceeding may without showing actual fraud set up a claim arising from an alleged shortage in acreage where he relies on an alleged express warranty guaranteeing a specified acreage. Saggus v. Standard, 25 Ga. App. 349 (103 S. E. 179). Such a claim may be made without amending the counter-affidavit. Johnston v. Patterson, 86 Ga. 725 (13 S. E. 17). The statement of the consideration in the note in this case is by way of recital only, and it was permissible to show by parol that the true consideration was different from the one stated merely by way of recital. Anderson v. Brown, 72 Ga. 713; Burke v. Napier, 106 Ga. 327 (32 S. E. 134); Camp v. Matthews, 143 Ga. 393 (85 S. E. 196); Simmons v. International Harvester Co., 22 Ga. App. 358 (2) (96 S. E. 9); Rheney v. Anderson, 22 Ga. App. 417 (96 S. E. 217). It was therefore error to refuse to permit the witness to testify.

For the reasons given in the foregoing division of this opinion it was error to refuse to permit a witness to testify that he had measured the total cultivated land rented in this case and that it was 76.4 acres. It was also error to refuse to permit a witness to swear that he was present when the plaintiffs rented the land to Rentz, and that Mr. Charles H. King told him and Rentz that there were 100 acres in cultivation on the place.

For the reasons given in divisions 2 and 3 the court erred in overruling the motion for new trial.

Judgment reversed. Stephens, P. J., and Sutton, J., concur.