MITCHELL *v.* MITCHELL; *et vice versa.*

Nos. 15647, 15648.   November 15, 1946.

*Dorsey & Hames* and *Fred Morris*, for plaintiff.

*Willingham, Cheney, Hicks & Edwards,* for defendant.

ATKINSON, Justice. (After stating the foregoing facts.) ■ The first question for decision is whether the trial court erred in sustaining a demurrer interposed by the defendant, and in dismissing

counts one and three, on the ground that the court of ordinary had original jurisdiction of the matter set forth therein, and such court, being competent to give as much relief as the superior court, should retain jurisdiction of the matter.

"Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second, for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." Code, § 37-403.

The guardianship in question of the person and property of a World War Veteran was under the jurisdiction of the ordinary, as to whose authority the Code provides as follows: "A petition for the appointment of a guardian may be filed in the court of ordinary having jurisdiction," etc. Code, § 49-804. "Before making an appointment under the provisions of this Chapter, the court shall be satisfied that the guardian whose appointment is sought is a fit and proper person to be appointed. Upon the appointment being made the guardian shall execute and file a bond to be approved by the court," etc. § 49-807. "Every guardian, who shall receive on account of his ward any money from the Bureau, shall file with the court annually, in the same manner as provided under the general law for guardians, a full, true and accurate account, on oath, of all moneys so received by him, of all disbursements thereof, and showing the balance thereof in his hands at the date of such account, and how invested," etc. Code (Ann. Supp.), § 49-811. "When any incompetent ward, not a minor, shall be declared competent by said Bureau and the court, the guardian shall upon making a satisfactory accounting be discharged upon a petition filed for that purpose." § 49-814. "Except where inconsistent with this Chapter, the general guardianship laws of this State and the laws establishing the practice in such matters, including rights of appeal, shall be applicable to such wards and their estates." § 49-818. The general law provides: "If the ordinary shall know, or shall be informed, that any guardian wastes or in any manner mismanages the property, . . or refuses to make returns as required by law, or for any cause is unfit for the trust, the ordinary shall cite such guardian to answer to such charge at some regular term of the court, when, upon investigation of his action, the ordi-

nary may, in his discretion, revoke his letters, or pass such other order as in his judgment is expedient under the circumstances of each case." Code, § 49-232.

The allegations contained in counts one and three of the petition show that the court of ordinary had original jurisdiction of all the matters dealt with therein pertaining to the guardianship, that the order appointing the defendant as guardian required her to give bond in the sum of $7000, and that she made annual returns to the court of ordinary, the last of which showed that the petitioner was entitled to receive $2645.24 in final settlement. The judgment of the court of ordinary restoring the petitioner to competency ordered that the defendant deliver to the petitioner all his property, money, and effects. The petition does not allege that the defendant is insolvent or that she failed to give the bond required of her.

In *Darby* v. *Green*, 174 *Ga.* 146 (4) (162 S. E. 493), it was said: "Any person interested in the estate may seek the intervention of equity when there is danger of loss or injury to his interests, in order to procure the direction of the court of equity in the conduct of the administration then pending in the court of ordinary, but can not, under section 4596 [Code of 1933, § 37-403], seek the intervention of equity merely as a means of wrenching the administration from the jurisdiction of the court of ordinary." A similar ruling was made in *Conner* v. *Yawn*, 200 *Ga.* 500 (37 S. E. 2d, 541), where a suit was brought against an administratrix and another for the appointment of a receiver and other equitable relief.

In view of the foregoing statutes, and especially those relating to bond and jurisdiction of the court of ordinary, the petitioner could not be in such danger of loss or injury as to require the intervention of a court of equity for the protection of his interests pending the litigation. It follows that the trial court did not err in sustaining the demurrer to counts one and three of the petition. Inasmuch as counts one and three were properly stricken on the ground that the court of ordinary had original jurisdiction, it becomes unnecessary to pass upon other rulings on demurrer in so far as they relate to these counts.

The present case differs on its facts from *McCord* v. *Walton*, 192 *Ga.* 279 (14 S. E. 2d, 723), where the defendant, an executor, was not required by the will to give a bond, and the petition alleged that he was insolvent and not under bond; and from *Spooner* v.

*Bank ·of Donalsonville,* 159 *Ga.* 295 (125 S. E. 456), where the estate was represented by co-executors, and, besides other complications the executors themselves were "crossed-up" and one of them had brought suits against the other. See generally, in this connection, *Beecher* v. *Carter,* 189 *Ga.* 234 (5) (5 S. E. 2d, 648); *Astin* v. *Carden,* 194 *Ga.* 758 (2) (22 S. E. 2d, 481); *Jones* v. *Wilson,* 195 *Ga.* 310 (24 S. E. 2d, 34); *Furr* v. *Jordan,* 196 *Ga.* 862 (27 S. E. 2d, 861).

■ Another question for decision is whether the trial court erred in overruling the defendant's demurrer to count two of the petition.

Trusts are implied: "1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." Code, § 108-106. "Constructive trusts are such as are raised by equity in respect of property which has been acquired by fraud, or where, though acquired originally without fraud, it is against equity that it should be retained by him who holds it." *O'Neal* v. *O'Neal,* 176 *Ga.* 418 (2) (168 S. E. 262); *Murray County* v. *Pickering,* 196 *Ga.* 208 (2) (26 S. E. 2d, 287); *Harris* v. *Rowe,* 200 *Ga.* 265 (2) (36 S. E. 2d, 787). A constructive trust is "not created by any words either expressly or impliedly evincing a direct intention to create a trust, but by the construction of equity in order to satisfy the demands of justice." 65 C. J. 223, § 14. However, "if, from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by an express verbal agreement which may have constituted a part of the transaction." *Hudson* v. *Evans,* 198 *Ga.* 775 (2 b) (32 S. E. 2d, 793).

The allegations of count two were sufficient to allege the creation of a constructive trust. Accordingly, that count was not subject to demurrer on the grounds: (a) The petition as a whole sets forth no cause of action at law or in equity; (b) the petition shows on its face that it is a suit between husband and wife and a matter for the divorce courts to pass on; (c) count two shows on its face that the property sought to be recovered was a gift from husband to wife; (d) count two does not contain allegations sufficient in law to create a trust as alleged therein; or on any other ground of demurrer relating to ·this count. *Swift* v. *Nevius,* 138 *Ga.* 229 (2) (75 S. E. 8); *Jackson* v. *Jackson,* 150 *Ga.* 544 (1)

(104 S. E. 236) ; *Parlin* v. *McClure,* 169 *Ga.* 576 (150 S. E. 835) ; *Romano* v. *Finley,* 172 *Ga.* 366 (2) (157 S. E. 669) ; *Hemphill* v. *Hemphill,* 176 *Ga.* 585 (1) (168 S. E. 878) ; *Pittman* v. *Pittman,* 196 *Ga.* 397 (2) (26 S. E. 2d, 764) ; *Allen* v. *Allen,* 196 *Ga.* 736 (3) (27 S. E. 2d, 679) ; *Hall* v. *Turner,* 198 *Ga.* 763 (1) (32 S. E. 2d, 829) ; *Harper* v. *Harper,* 199 *Ga.* 26 (1) (33 S. E. 2d, 154).

3. Counsel for the petitioner state in their brief: "There is still another reason why the trial court erred in holding that equity could not assume jurisdiction of the cause. The trial court overruled the demurrers pertaining to count two. Thereby the trial court assumed jurisdiction as to this count, and by so doing, it is insisted that equity jurisdiction attached to the whole petition."

The Code, § 37-105, declares: "Equity seeks always to do complete justice; and hence, having the parties before the court rightfully, it will proceed to give full relief to all parties in reference to the subject-matter of the suit, provided the court has jurisdiction for that purpose."

As ruled above, the only subject-matter of which equity would take jurisdiction in the present suit is the realty conveyed to the defendant, but purchased with money earned by the petitioner, and not being guardianship funds. Hence, while under the above Code section any matters related to the subject-matter of such realty might also be adjudicated in equity, the statute, properly construed, does not mean that a court of equity will reach out and embrace matters entirely disconnected from such subject-matter. Obviously the administration in the court of ordinary of the petitioner's estate, consisting exclusively of funds awarded to the petitioner by the United States Government through a special guardianship, as set forth in counts one and three, bears no relation to the subject-matter of the realty sought to be recovered in count two, and the jurisdiction of the court of ordinary in litigation respecting such guardianship will not be wrenched therefrom by a court of equity.

The petitioner amended count one by alleging that after the original petition was filed the defendant procured from the court of ordinary a dismissal as guardian. However, whether or not the petitioner is entitled to the equitable relief here sought is to be determined under the facts existing at the time of the filing of

the suit. "When there is no cause of action at the commencement of the suit there can be no recovery, although one accrue, respecting the same subject-matter, while the suit is pending." *Bank of Brooklet v. Motor Liens Inc.,* 164 *Ga.* 314 (1) (138 S. E. 582); *Gray v. Federal Land Bank of Columbia,* 182 *Ga.* 894 (1) (187 S. E. 104); *Cooley v. Enzor,* 190 *Ga.* 290 (2) (9 S. E. 2d, 277).

The jurisdiction retained by the court of equity in *McDonald v. Davis,* 43 *Ga.* 356 (2), *Eagan v. Conway,* 115 *Ga.* 130 (3) (41 S. E. 493), and *McCord v. Walton,* 192 *Ga.* 279 (3) (14 S. E. 2d, 723), was in respect to relief appropriate and related to the subject-matter for which jurisdiction was originally assumed.

*Judgment affirmed on both the main and cross-bills of exceptions. All the Justices concur.*