23018. SAFFOLD, Executor v. CHEATHAM, Executor, et al.

SUBMITTED JUNE 14, 1965—DECIDED JULY 8, 1965.

*Lionel E. Drew, Jr.*, for plaintiff in error.

*Hitch, Miller, Beckmann & Simpson, R. M. Hitch,* contra.

Cook, Justice. The petition alleges that the petitioners and the defendant jointly qualified as executors under the will of Thomas P. Saffold. *Code* § 113-1504 provides: "If several executors are named in the will, one or more qualifying shall

be entitled to execute all the trusts confided to all, unless specially prohibited by the will; if more than one shall qualify, each shall be authorized to discharge the usual functions of an executor, but all shall join in executing special trusts, or in making contracts binding upon the estate, or in paying out funds belonging to the estate. Each executor shall be responsible for his own acts only, unless by his own act or gross negligence he shall have enabled or permitted his coexecutor to waste the estate." Under this Code section in specified particulars joint executors must concur in their actions in order to bind the estate. *Hosch Lumber Co. v. Weeks,* 123 Ga. 336 (1) (51 SE 439); *Weeks v. Hosch Lumber Co.,* 133 Ga. 472 (2) (66 SE 168, 134 ASR 213); *Tennessee Chemical Co. v. Jones,* 171 Ga. 150 (2) (154 SE 791). The petition alleges that the defendant is making contracts and paying out funds belonging to the estate without the concurrence of the petitioners, and is refusing to join with the petitioners in the payment of obligations due by the estate.

The defendant invokes the principle that: "Equity will not interfere with the regular administration of estates, except upon the application of the representative, either, first for construction and direction, second for marshaling the assets; or upon application of any person interested in the estate where there is danger of loss or other injury to his interests." *Code* § 37-403. It is asserted that the petitioners had an adequate remedy against their co-executor under *Code* § 113-1216, giving the ordinary authority to require an executor mismanaging an estate to give bond, and on his failure to give bond, to remove such executor; and under *Code* § 113-1229 (made applicable to executors by *Code* § 113-1101) which provides: "Whenever the ordinary knows, or is informed by any person having any interest in the estate, that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust reposed in him, he shall cite such administrator to answer to such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or

pass such other order as in his judgment is expedient under the circumstances of each case."

The petitioners do not seek the removal of the defendant as an executor, or that he be required to make bond. They seek relief which could not be granted by the ordinary, a restraining order to prevent the defendant from making contracts on behalf of the estate, and paying out funds belonging to the estate, without the concurrence of the petitioners, contrary to the provisions of *Code* § 113-1504. The allegations of the petition show the necessity of the intervention of a court of equity in order to prevent irreparable injury to the estate, and the trial judge properly denied the motion to dismiss the petition. Compare *McCord v. Walton,* 192 Ga. 279 (14 SE2d 723).

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., Mobley and Quillian, JJ., who dissent.*

DUCKWORTH, Chief Justice, dissenting. Hoping to clarify the confusing and contradictory opinions of this court as to when courts of equity would exercise concurrent jurisdiction with courts of ordinary, I did exhaustive research in *Hamrick v. Hamrick,* 206 Ga. 564 (58 SE2d 145), in the hope that confusion would thereafter cease. But here we have a decision by four Justices in a case actually identical in principle with the *Hamrick* case which is contrary to that decision and revives the previously existing uncertainty.

It ought not to be too difficult to understand that equity will grant relief only where the operation of the general rules of law would be deficient. *Code* § 37-102. And that where law and equity have concurrent jurisdiction, whichever first takes jurisdiction shall retain it unless good reason shall be given for the interference of equity. *Code* § 37-122. And where there is a complete remedy at law for a plain legal right, equity will not grant relief. *Code* § 37-120. In the instant case the administration of an estate under a duly probated will is in the court of ordinary where it belongs. Grievances of co-executors against a co-executor who is not shown to be insolvent constitute this case. The *Hamrick* case alleged waste, mismanagement, loss, commingling of funds and failure to account for various funds, and the instant case alleges no more. By application to the ordinary an adequate remedy for every alleged grievance can

be obtained, and the estate will be handled by one court rather than two as the petitioners seek. The law should not again be tossed back into confusion from which we sought to free it by the decision in the *Hamrick* case.