## S90A0115. EMERY AIR FREIGHT CORPORATION v. AROGETI et al.
(388 SE2d 517)

FLETCHER, Justice.

This appeal arises from Emery's suit for breach of a covenant to repair contained in a lease agreement. Defendant James Arogeti moved for summary judgment, his counsel moved to withdraw, and Emery made an alternate motion to add a party-defendant and substitute parties. The trial court granted the motion for summary judgment and denied the other motions. We reverse the summary judgment and remand.

Emery negotiated with Thomas W. Tift for the construction of a building and warehouse on Tift's property near the Atlanta airport.

Emery preferred to purchase the property, but Tift did not desire to sell. After the negotiations, Tift and Emery entered a twenty-year lease agreement in February 1974 that granted to Emery a right of first refusal and an option to purchase the property after ten years.

Arogeti and his partner, Merrill D. Wynne, were Tift's accountants. They convinced Tift to convey the property to Mid-Town Investment Corporation in December 1979. Mid-Town conveyed the property on January 2, 1980, to Arogeti and his partner. They in turn contributed the property to a limited partnership pursuant to the terms of a Certificate and Agreement of Limited Partnership that was also dated January 2, 1980. The lease agreement was assigned with each conveyance, and the respective grantees/assignees assumed and agreed to perform all the obligations of the lessor under the lease agreement.

Arogeti and Wynne were aware of Emery's right of first refusal, but urged Tift to convey the property to Mid-Town without giving Emery the required notice or the opportunity to exercise its right. After the conveyance from Mid-Town to Arogeti, Tift first gave Emery notice of his conveyance to Mid-Town. This notice, however, materially misrepresented the terms of sale, and Emery decided not to exercise its rights based upon the terms disclosed to it. No notice of any subsequent sale or transfer was given to Emery by anyone. Emery did not know until much later that the property had been conveyed a second time, although Emery did know that Arogeti and Wynne were involved in the conveyance to Mid-Town.

Emery has filed two separate suits in connection with the lease agreement. In July 1984, Emery brought suit against Arogeti and Wynne based on their failure and refusal to make certain roofing repairs allegedly required under the lease agreement. In September 1984, Emery brought a second suit alleging breach of its right of refusal and of its option to purchase. This second suit was tried first, and Judge Philip Etheridge of the Fulton Superior Court entered judgment for Emery, which this Court affirmed without opinion in *Mid-Town Investment Corp. v. Emery Air Freight*, 259 Ga. XXXI (1989).

Judge Etheridge found that Emery's right of refusal had been breached at the time of the Tift and the Mid-Town conveyances. He therefore gave Emery the right to exercise its preemptive right of first refusal and to purchase the building at the same price as the Tift conveyance. Judge Etheridge also credited all of Emery's rental payments, over and above the mortgage payments, after December 31, 1979, towards the purchase price. As part of the judgment, Judge Etheridge held that the conveyances were

null and void as to the rights and interests of [Emery] . . .

[Defendants shall quitclaim the property to Emery] . . . Upon the failure of Defendants . . . to quitclaim their interests in the Emery Building . . . this decree shall operate as a deed to convey the Emery Building . . . , and title . . . shall be fully vested in [Emery] thereafter.

The central issue on appeal is the effect of the relief on Emery's claim for breach.

Arogeti argues that Judge Etheridge's order nullified Tift's conveyance, therefore, it is as if Arogeti never owned the building. Because, argues Arogeti, he never owned the building, Emery has no right of relief against him for the repair of the roof. Emery counters that not only does the order not completely void the Tift transfer, but the court should determine Emery's right to relief under the state of title as it existed at the time Emery filed this suit.

Although there is case law tending to support Emery's latter argument, see, e.g., *Mitchell v. Mitchell*, 201 Ga. 621, 627-28 (40 SE2d 738) (1946); *Deas v. Sammons*, 126 Ga. 431 (1) (55 SE 170) (1906), we need not consider this issue. Rather, it is clear that Judge Etheridge's decree did not retroactively strip Arogeti of the title. Therefore, Arogeti was the lessor, or his assignee, at the time of the alleged default.

By stating that the conveyances were void *as to the rights of Emery*, the trial judge was not ruling Arogeti's title *totally* void. Instead, Judge Etheridge ruled that the conveyances from Tift to Mid-Town and from Mid-Town to Arogeti were valid and enforceable as to those parties, but not enforceable as to Emery. Arogeti took title subject to Emery's preemptive right of refusal after notice, which Emery was unable to exercise until Judge Etheridge's decree. Only at that time did Emery acquire title to the building.

*Judgment reversed and remanded. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED FEBRUARY 15, 1990 —
RECONSIDERATION DENIED FEBRUARY 28, 1990.

*Gambrell, Clarke, Anderson & Stolz, Robert D. Feagin, Nancy E. Gordon,* for appellant.

*Greene, Buckley, Jones & McQueen, Steven J. Misner, Claude E. Hambrick, E. Wayne Wallhausen,* for appellees.